UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-----------------------------------------------------------------X

ANTHONY GEORGE BELL, #16001767,

                              Plaintiff,

              -against-

**<u>ORDER</u>**
16-CV-3385(JMA)(AYS)

JUDGE BOGLE,

                           Defendant.

-----------------------------------------------------------------X

**AZRACK, District Judge:**

On June 13, 2016, incarcerated *pro se* plaintiff Anthony George Bell ("plaintiff") filed an *in forma pauperis* complaint against Judge Bogle ("defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983").   For the reasons that follow, the Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii)-(iii), 1915A(b).

## I.    BACKGROUND[1]

Plaintiff's single sentence "statement of claim" alleges, in its entirety:   "On or around May the 6 Judge Bogle refused to assign NYS lawyers that I asked for to represent me and I also asked for a criminal lawyer from the law project that deals with people who have HIV." (Compl. at ¶ IV.)   In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges: "He also did not give me proper bail so I could be treated properly due to my medical situation."   (*Id.* at ¶

---

[1]All material allegations in the complaint are assumed to be true for the purpose of this Order, <u>see</u>, <u>e.g.</u>, <u>Rogers v. City of Troy, New York</u>, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

IV.A.)   For relief, plaintiff seeks to recover a monetary damages award in the amount of $500,000.   (*Id.* at ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Applications

Upon review of plaintiff's declarations in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).    In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

2

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed

by a person acting under color of state law."   Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010)

(quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).   Second, "the conduct complained

of must have deprived a person of rights, privileges or immunities secured by the Constitution or

laws of the United States."   Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).   In

addition, in order to state a claim for relief under Section 1983 against an individual defendant, a

plaintiff must allege the personal involvement of the defendant in the alleged constitutional

deprivation.   Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

**D.     Immunity**

**1.  Eleventh Amendment Immunity**

In interpreting the Eleventh Amendment, the Supreme Court has consistently held that

"nonconsenting states may not be sued by private individuals in federal court."   Bd. of Trustees

v. Garret, 531 U.S. 356, 363 (2001).   Eleventh Amendment immunity extends to state officials

acting in their official capacities.   Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d

Cir. 1993).   Congress has not abrogated Eleventh Amendment immunity for claims under §

1983, nor has New York waived immunity for such claims.   See, e.g., Sherman v. Harris, No.

11-CV-4385 (DLI) (JMA), 2012 WL 4369766, at *5 (E.D.N.Y. Sept. 24, 2012).   Here, Judge

Bogle is a state officer.   Accordingly, plaintiff's claims for monetary damages against Judge

Bogle in his official capacity are barred by the Eleventh Amendment and are thus dismissed with

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

**2.  Judicial Immunity**

Under the doctrine of absolute judicial immunity, judges are subject to suit only for (1)

"non-judicial actions, i.e., actions not taken in the judge's judicial capacity," or (2) "actions,

though judicial in nature, taken in the complete absence of all jurisdiction." <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991); <u>see</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." <u>Mireles</u>, 502 U.S. at 11 (quoting <u>Stump</u>, 435 U.S. at 356). Here, plaintiff's scant allegations against Judge Bogle relate only to action undertaken by Judge Bogle in his judicial capacity. Plaintiff alleges only that Judge Bogle did not appoint the particular defense attorney that plaintiff requested and claims that Judge Bogle set improper bail. Accordingly, as is readily apparent, Judge Bogle is entitled to absolute judicial immunity and plaintiff's claims against Judge Bogle in both his official personal capacities are, thus, dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

**E.      Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Shomo v. City of New York</u>, 579 F.3d 176 (2d Cir. 2009) (quoting <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." <u>Boddie v. New York State Div. of Parole</u>, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting <u>Frazier v. Coughlin</u>, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." <u>Id.</u> (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint.   Because the deficiencies in plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to file an amended complaint is denied.

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).   The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to pro se plaintiff.


**SO ORDERED.**                                    _____/s/ (JMA)_____
                                                        Joan M. Azrack
Dated:   November 22, 2016                         United States District Judge
            Central Islip, New York

6